# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURA Insurance Company, *as subrogee of Molitor Equipment, LLC d/b/a Molitor Brothers Farm*, | Civ. No. 21-1199 (ECT/BRT) |
| Plaintiff, | |
| v. | |
| Deere & Company, | |
| Defendant. | |
| | |
| SECURA Insurance Company, *as subrogee of Molitor Equipment, LLC d/b/a Molitor Brothers Farm*, | Civ. No. 21-1200 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Deere & Company, | |
| Defendant. | |

David J. Taylor, Esq., Yost & Baill, LLP, counsel for Plaintiff.

Emily M. Plunkett, Esq., and Timothy J. Mattson, Esq., Bowman & Brooke LLP, counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Leave to Amend Answer in each of the related cases.[1] (Civ. No. 21-1199 (ECT/BRT), Doc. No. 44; Civ.

---

[1] The Pretrial Scheduling Orders in these cases provide:

(Footnote continued on next page)

No. 21-1200 (ECT/BRT), Doc. No. 44.) The Court determined no hearing on this motion was necessary and indicated to the parties that the Court would rule on the motion on the papers submitted.

This Court entered a Pretrial Scheduling Order in both cases on August 23, 2021. (Civ. No. 21-1199 (ECT/BRT), Doc. No. 37; Civ. No. 21-1200 (ECT/BRT), Doc. No. 37.) That Order set the deadline for amending pleadings for December 27, 2021. (*Id.* at 10.) Defendant filed its motion for leave to amend the pleadings well before that deadline.[2] (*See* Civ. No. 21-1199 (ECT/BRT), Doc. No. 44; Civ. No. 21-1200 (ECT/BRT), Doc. No. 44 (filed on November 18, 2021).) The Court further notes that pursuant to the First Amended Pretrial Scheduling Order, the deadline for dispositive motions is December 28, 2022, and the trial ready date is currently set for April 26, 2023. (Civ. No. 21-1199 (ECT/BRT), Doc. No. 52 at 15, 17; Civ. No. 21-1200 (ECT/BRT),

---

(Footnote continued from previous page)
    If a party's court filings apply to both cases, counsel must use a case caption in the form above. Further, if the filings apply to both cases, the same document must be filed in each of the cases. If a filing only applies to one of the cases, counsel must use the case caption for that corresponding case only and file it in the applicable case only.

(Civ. No. 21-1199 (ECT/BRT), Doc. Nos. 37, 52; Civ. No. 21-1200 (ECT/BRT), Doc. Nos. 37, 52.) Defendant's motions were filed separately in each case using an individual case caption, but the motion papers are the same in both cases. Plaintiff's oppositions filed in each case are the same. Accordingly, the Court's Order uses the joint caption above.

[2]     The Court issued a First Amended Pretrial Scheduling Order on November 23, 2021, which moved the deadline amend the pleadings to January 27, 2022. (Civ. No. 21-1199 (ECT/BRT), Doc. No. 52 at 11; Civ. No. 21-1200 (ECT/BRT), Doc. No. 52 at 11.)

Doc. No. 52 at 15, 17.) At this point, the cases are related for purposes of discovery; however, they are not consolidated for trial.

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[t]here is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). The trial court has discretion to decide whether to grant leave to amend. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). "[T]he Eighth Circuit has repeatedly held that a motion to amend may be denied only 'if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *In re EpiPen Direct Purchaser Litig.*, No. 20-cv-00827 (ECT/JFD), 2021 WL 4892231 at *3 (D. Minn. Oct. 20, 2021) (quoting *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013)). Further, "even where some prejudice to the adverse party would result if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981).

Defendant's motion to amend seeks to eliminate—and not add—affirmative defenses from its Answer. The redlined version of Defendant's proposed Amended Answer shows that Affirmative Defenses 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 15 are deleted. The only additions are the word "amended" in the caption and in the introductory

paragraph, and the words "in manufacture and" within the listing of the affirmative defenses; these additions are not objected to. (Civ. No. 21-1199 (ECT/BRT), Doc. No. 47, Ex. B; Civ. No. 21-1200 (ECT/BRT), Doc. No. 47, Ex. B.)

Here, Defendant simply seeks to remove affirmative defenses that, in Defendant's view, no longer apply after the District Court dismissed Plaintiff's design defect claim.[3] Plaintiff has offered no applicable—let alone compelling—reason to deny Defendant's motion.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion for Leave to Amend Answer (Civ. No. 21-1199 (ECT/BRT), Doc. No. 44) is **GRANTED**. Defendant may file its First Amended Answer in the form provided at Doc. No. 47, Exhibit A.

2.  Defendant's Motion for Leave to Amend Answer (Civ. No. 21-1200

---

[3] Plaintiff argues that Defendant's motion should be denied because it would affect the scope of discovery in this case. The scope of discovery, however, is a separate issue from whether Defendant should be allowed to remove affirmative defenses from their answer. By making this ruling, the Court is not determining what the scope of discovery should be in this case, and no specific discovery request is before the Court. Moreover, Plaintiff is wrong to presume that this Court "outlined the scope of discovery" for this case in its IDR ruling. The IDR ruling was only directed to the specific discovery that was at issue in the IDR proceeding. Any future disputes about discovery, not resolved via a meet and confer, will be ruled upon consistent with the nature of the discovery sought and whether it is relevant to a party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the partis' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. 26(b). By agreement
(Footnote continued on next page)

(ECT/BRT), Doc. No. 44) is **GRANTED**.  Defendant may file its First Amended Answer in the form provided at Doc. No. 47, Exhibit A.

Date:   December 10, 2021               *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

---

(Footnote continued from previous page)
of the parties, the IDR process did not result in a record of how the Court applied Rule 26 to the deposition dispute that was before the Court.